UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EVELYN L. STREETS,

    Plaintiff,

v.                                      CASE No. 8:06-CV-886-T-TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,[1]

    Defendant.
_____

## O R D E R

The plaintiff in this case seeks judicial review of the denial of her claims for Social Security disability benefits and supplemental security income payments.[2] Because the decision of the Commissioner of Social Security is deficient with respect to the plaintiff's impairments of memory

---

[1] Michael J. Astrue has become the Commissioner of Social Security. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, he should be substituted for Jo Anne B. Barnhart as the defendant in this suit.

[2] The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 19).

loss and headaches, it will be reversed and the matter remanded for further consideration.

I.

The plaintiff, who was fifty-three years old at the time of the administrative decision and who has a high school education (Tr. 13, 66), has been employed as a mail clerk/processor, hair stylist and temporary labor company worker (Tr. 61, 69).  She filed claims for Social Security disability benefits and supplemental security income payments, alleging that she became disabled due to a herniated disc, back problems and a torn ligament in her left wrist (Tr. 60).  The claims were denied initially and upon reconsideration.

The plaintiff, at her request, then received a de novo hearing before an administrative law judge. The law judge found that the plaintiff had severe impairments of scoliosis with degenerative disc disease, affective disorder, status post left wrist surgery, back problems, memory loss, cervical herniated nucleus pulposes at C6-7 and loss of disc height at L5-S1 (Tr. 15). He concluded that these impairments restricted the plaintiff to a significant range of light work that requires no more than frequent stooping, bending and

squatting, and that provides the ability to alternate positions every hour (Tr. 19). In addition, the plaintiff with her left upper extremity is restricted to frequent fine and gross manipulations and feeling (id.). Further, the plaintiff must avoid driving and operating dangerous machinery, and is limited to simple repetitive tasks (id.). Based upon the testimony of a vocational expert, the law judge decided that the plaintiff could perform her past relevant work as a mail clerk (Tr. 17). The law judge determined further, based upon the vocational expert's testimony, that there were jobs in the national economy that the plaintiff could perform, such as a cashier II, toll collector, and a ticket seller (id.). Accordingly, the law judge concluded that the plaintiff was not disabled (Tr. 18). The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner.

II.

In order to be entitled to Social Security disability benefits and supplemental security income, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C.

423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment," under the terms of the Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3), 1382c(a)(3)(D). The Act provides further that a claimant is not disabled if she is capable of performing her previous work. 42 U.S.C. 423(d)(2)(A), 1382c(a)(3)(B).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported

by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

      Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

### III.

      The law judge found that the plaintiff suffers from several severe impairments. The plaintiff limits her challenge to the law judge's handling of the severe impairments only to her impairment of memory loss. In addition, the plaintiff contends that the law judge did not adequately evaluate her allegation of headaches, which the law judge apparently concluded was a nonsevere impairment. The law judge's treatment of each of those impairments contains reversible error.

      Due to the plaintiff's allegations of memory loss, the Social Security Administration obtained a memory test of the plaintiff by Dr. Steven

F. Wu, a psychologist (Tr. 192). The plaintiff scored extremely poorly on that test (Tr. 194-97). Dr. Wu, however, thought that the scores were not valid (Tr. 194, 198). Nevertheless, the law judge found that the plaintiff had a severe impairment of memory loss (Tr 19). This means that the plaintiff's memory loss significantly affected her work capacity. 20 C.F.R. 404.1520(c), 416.920(c).

The plaintiff argues, accordingly, that the law judge needed to set forth functional limitations from the plaintiff's memory loss and he failed to do so (Doc. 17, p. 7). The Commissioner responds that the law judge did set forth a functional limitation from the impairment, namely, a restriction to "simple repetitive tasks"(Doc. 18, pp. 8-9, 12; see Tr. 19). I agree that the limitation to "simple repetitive tasks" would reasonably cover the functional limitations from the plaintiff's memory loss, as well as her affective disorder of depression.

The problem is that the law judge did not include the functional limitation of "simple repetitive tasks" in his hypothetical question to the vocational expert (see Tr. 290-91). As the plaintiff correctly points out (Doc. 18, p. 12), in order to be valid, a hypothetical question must include all of the plaintiff's functional limitations. Pendley v. Heckler, 767 F.2d 1561 (11th

Cir. 1985). The law judge's failure to include the limitation of "simple repetitive tasks" in his hypothetical question constitutes reversible error. Id.

It is appropriate to add that the plaintiff's contention that the Social Security Administration should pay for another memory test is unpersuasive, especially since the first test it paid for was rendered invalid, in all likelihood, by the plaintiff's lack of motivation and effort, if not outright malingering. In this respect, I note, for example, that the plaintiff told Dr. Wu that she could not remember how long she had worked for her last employer (Tr. 193), but nineteen months later she testified that she worked at the job for four years from 1998 to 2002 (Tr. 268-69). Consequently, if the plaintiff believes an additional memory test is warranted, she should pay for it herself.

On the other hand, the Commissioner has the option to obtain a new memory test to see whether the law judge was overly generous in finding that the plaintiff's memory loss is a severe impairment. In my view, there is nothing immutable about that finding.

The plaintiff's final contention is that the law judge failed specifically to evaluate her complaints of headaches. The Eleventh Circuit has established a standard for assessing complaints of pain and other subjective symptoms. As the court of appeals explained in Landry v. Heckler, 782 F.2d

1551, 1553 (11th Cir. 1986), the pain standard "required evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain."

If the law judge determines that, under this test, the subjective complaints are not supported by the objectively determined medical condition, then the subjective complaints cannot be the basis for a finding of disability and the law judge need not assess the credibility of those complaints. He must, however, provide an adequate explanation for the determination in order to permit, upon judicial review, an assessment whether the proper standard was applied and whether the finding is supported by substantial evidence. See, e.g., Walker v. Bowen, 826 F.2d 996, 1004 (11th Cir. 1987); Johns v. Bowen, 821 F.2d 551, 556 (11th Cir. 1987).

If, on the other hand, the law judge determines that there is objective medical evidence of an impairment which could reasonably be expected to produce disabling pain, the law judge "must evaluate the credibility of claimant's testimony as to pain, and must express a reasonable basis for rejecting such testimony." Hand v. Heckler, 761 F.2d 1545, 1549 n.6

(11th Cir. 1985). In other words, this credibility finding must be adequately explained. Cannon v. Bowen, 858 F.2d 1541, 1545 (11th Cir. 1988); Walker v. Bowen, supra, 826 F.2d at 1004.

The record reveals that the plaintiff has complained of headaches to treating physicians and to Dr. Wu, the examining psychologist (Tr. 177, 192, 197). Moreover, she testified that she was having headaches about three times per week (Tr. 287). She said that they bother her a lot, and that, when she takes medication for them, she lies down and goes to sleep (id.). While the law judge acknowledged some of this evidence (Tr. 15, 16), he did not articulate his assessment of it.

The law judge apparently concluded that the plaintiff's headaches were not a severe impairment (see Tr. 19). This means that the plaintiff's headaches were only a slight abnormality that had such a minimal effect on the plaintiff that they would not be expected to interfere with her ability to work. Brady v. Heckler, 724 F.2d 914, 920 (11th Cir. 1984). There is no explanation in the decision for the conclusion that the plaintiff's headaches are a nonsevere impairment. This violates the principle that the law judge must state the weight accorded each item of impairment evidence and state the

reasons for his decision on that evidence. Gibson v. Heckler, 779 F.2d 619, 623 (11th Cir. 1986).

      The law judge's credibility determination regarding the plaintiff's testimony about her headaches is similarly deficient. The law judge's credibility determination, which seemingly was to cover all of the plaintiff's impairments, was stated as follows (Tr. 16):

> The undersigned has considered the claimant's subjective complaints as contained in her application, supporting documents and in her testimony. The evidence does establish the presence of underlying impairments, which reasonably could be expected to produce *some* of the symptoms alleged. However, the claimant's statements as to the intensity of her symptoms are inconsistent with the evidence of record. Subjective complaints are considered credible only to the extent that they are supported by the evidence of record. Applying the principles of 20 CFR §404.1529, Social Security Ruling 96-7p, and Landry v. Heckler, 782 [] F.2d 1551 (11th Cir. 1986), the claimant's allegations of functional limitations cannot be fully credited.

This conclusory statement provides no explanation why the law judge discounted, as he apparently did, the plaintiff's testimony that she has headaches three times a week that result in her taking medicine and going to sleep. Consequently, I am unable to review the reasonableness of this

credibility determination. See <u>Walker</u> v <u>Bowen</u>, <u>supra</u>, 826 F.2d at 1004. Accordingly, this deficiency also warrants a remand.

   It is, therefore, upon consideration

   ORDERED:

   That the decision of the Commissioner is hereby REVERSED and the matter is REMANDED for further consideration. The Clerk shall enter judgment in accordance with this Order and close the case.

   DONE and ORDERED at Tampa, Florida, this <u>13th</u> day of June, 2007.

                */s/ Thomas G. Wilson*
                THOMAS G. WILSON
                UNITED STATES MAGISTRATE JUDGE